

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

FMC/PL AGR
2021R00273

February 6, 2023

Michael Sherwin, Esq.
Daniel Lee, Esq.
Kobre & Kim
Michael.Sherwin@kobrekim.com
Daniel.Lee@kobrekim.com

      Re:    <u>Plea Agreement with Anyclo International, Inc.</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client Anyclo International, Inc. ("Anyclo") and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on February 15, 2023, if the parties do not execute the agreement on or before that date.

<u>Charge</u>

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Anyclo to an Information that charges Anyclo with entry of goods by means of false statements, in violation of 18 U.S.C. § 542. If Anyclo enters a guilty plea and a judgment of conviction is entered that is consistent with the terms of the agreed disposition included in this plea agreement, and if Anyclo otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Anyclo or its officers, agents, and employees, including Dong Geun Song, for any additional violations known to the Office at the time of this plea agreement, arising out of the information provided by Anyclo or its officers, agents, and employees, and their conduct described in Schedule A of this plea agreement.

      However, in the event a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Anyclo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Anyclo may be commenced against Anyclo,

notwithstanding the expiration of the limitations period after Anyclo signs the agreement.

Sentencing

The violation 18 U.S.C. § 542 to which Anyclo agrees to plead guilty carries a maximum term of probation of five years, or a fine, or both. The maximum penalty is a fine of the greater of: (1) $500,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Anyclo, the sentencing judge, (1) pursuant to 18 U.S.C. § 3013, will order Anyclo to pay a special assessment of $400, which must be paid by the date of sentencing, and (2) pursuant to 18 U.S.C. § 3663 *et seq.*, may order Anyclo to pay restitution.

Agreed Disposition

This Office and Anyclo agree that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the appropriate disposition of this case is as follows (the "Agreed Disposition"):

**Fine:** Pursuant to the Alternative Fines Act, 18 U.S.C. § 3571(d), Anyclo shall pay a criminal fine of $250,000. For purposes of this plea agreement only, the parties stipulate that the gross gain (identical to the gross loss) was $250,000. The fine is due and payable according to the following phased payment schedule: (1) $125,000 due at sentencing, and (2) $125,000 due within 2 months of sentencing.

**Restitution:** Anyclo owes restitution in the amount of $2,050,000. The parties also recognize there is a corresponding civil settlement in this matter and agree that any payments made towards the civil resolution will offset and be credited towards the criminal restitution amount owed.

**Probation:** The parties agree that a term of probation will not be included in Anyclo's sentence.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Anyclo agree that the Agreed Disposition is reasonable, and the appropriate disposition in this case. If the Court accepts this plea agreement, the Court will be bound to impose a sentence consistent with the Agreed Disposition. If, however, the sentencing judge rejects this plea agreement and the Agreed Disposition, Anyclo has the opportunity, pursuant to Rule 11(c)(5), to withdraw its guilty plea, and this Office may also withdraw from the plea agreement. The parties agree to request

that the Court dispense with a presentence investigation pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) and impose sentence immediately after the entry of the guilty plea.

In the event that Anyclo withdraws its guilty plea or the judgment of conviction entered as a result does not remain in full force and effect, the waiver of indictment filed at the time of the plea hearing will remain in full force and effect, and Anyclo shall waive any right it might have under Federal Rule of Evidence 410(a), Federal Rule of Criminal Procedure 11(f), or otherwise, to prohibit the use of its statements made or information provided during a proceeding under Federal Rule of Criminal Procedure 11. The waiver of indictment may be asserted and enforced by the United States in any judicial district, including the District of New Jersey. Anyclo further agrees that, if it withdraws its guilty plea or the judgment of conviction entered as a result does not remain in full force and effect, the criminal Information that will be filed in the District of New Jersey on the date of its plea hearing shall remain pending.

Stipulations

This Office and Anyclo will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond at sentencing to questions from the Court and to correct at sentencing or through a timely motion under Federal Rule of Criminal Procedure 35(a) factually inaccurate information that has been provided to or adopted by the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence

Waiver of Appeal and Post-Sentencing Rights

This Office and Anyclo agree that, provided the Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Anyclo further agrees that, in exchange for the concessions this Office made in entering into this Rule 11(c)(1)(C) plea agreement, it will not challenge its conviction for any reason by any means, other than ineffective assistance of counsel, and it will not challenge or seek to modify any component of its sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a coram nobis petition, or any other petition or motion, however captioned, that seeks to attack or modify any component of the judgment of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the Court's acceptance of those stipulated facts.

Corporate Authorization

Anyclo agrees that it is authorized to enter into this agreement, that it has authorized the undersigned corporate representatives, Michael Sherwin, Esq. and/or Daniel Lee, Esq. to take this action, and that all corporate formalities for such authorization have been observed. By entering this guilty plea, Anyclo hereby waives all objections to the form of the charging document and admits that it is in fact guilty of the offense charged in the Information.

Anyclo has provided to the United States a certified copy of a resolution of the governing body of Anyclo, affirming that it has authority to enter into this agreement and has: (1) reviewed this plea agreement; (2) consulted with legal counsel in this matter; (3) authorized execution of this agreement; (4) authorized Anyclo to plead guilty to the Information; and (5) authorized either Michael Sherwin, Esq. and/or Daniel Lee, Esq. to execute this agreement and all other documents necessary to carry out the provisions of this agreement. A copy of this resolution is attached hereto as Exhibit A.

<u>No Other Promises</u>

This agreement and the Exhibit constitute the plea agreement between Anyclo and this Office and supersede any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Fatime Meka Cano*

By: Fatime Meka Cano
Assistant U.S. Attorney

APPROVED:

Desiree L. Grace
Deputy Chief, Criminal Division

      I am the authorized corporate representative for Anyclo International Inc. ("Anyclo"). I have received this letter. I have read the letter and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, fine, and waiver, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. On behalf of and with the express authorization of Anyclo, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. Anyclo understands that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. Anyclo wants to plead guilty pursuant to this plea agreement.

      I have had no involvement whatsoever in the business or operations of Anyclo or any of its affiliates, and I have no knowledge of the facts or circumstances set forth in this agreement. My execution of the agreement is solely in my capacity as an authorized person on behalf of Anyclo, solely for the purpose of binding Anyclo to this agreement. I have no fiduciary duties, agency, authority, rights, powers, or privileges with respect to Anyclo or any of its affiliates other than the authority to sign this agreement on behalf of Anyclo.

AGREED AND ACCEPTED:

_____       Date: Feb 7th 2023
Michael Sherwin, Esq.
Daniel Lee, Esq.
As Authorized Representatives of
Anyclo International, Inc.

Plea Agreement with Anyclo International, Inc.

Schedule A

This Office and Anyclo agree to stipulate to the following facts:

1. From on or about October 5, 2012, through on or about August 5, 2019, Anyclo imported goods into the United States. During that time period, as the importer of record, Anyclo knowingly and intentionally evaded customs duties that it should have paid by undervaluing the merchandise being imported into the United States. Specifically, Anyclo falsely declared to U.S. Customs a lesser value for the imported goods than the actual price Anyclo charged the purchaser, as follows:

   a. Anyclo prepared two versions of invoices for the same shipments of merchandise: an accurate version used with purchasers and a fraudulent version, known as the Free of Board ("FOB") invoice, which falsely reflected a lower value for the goods being sold.

   b. Anyclo caused the fraudulent FOB invoices to be forwarded to its U.S. Customs broker, knowing that the broker would use the value of the goods sold in the fraudulent FOB invoices in filing necessary entry forms with U.S. Customs.

   c. Anyclo knew that by furnishing the fraudulent FOB invoices to its freight forwarder, Anyclo would pay a lower amount of customs duties than it should have paid, had the true value of the merchandise been declared.

2. Anyclo's conduct resulted in losses to U.S. Customs totaling $2,050,000.

<u>**Exhibit A**</u>
<u>**RESOLUTIONS OF ANYCLO INTERNATIONAL INC.**</u>

**WHEREAS**, Anyclo International Inc. ("Anyclo"), through its outside legal counsel, has been engaged in discussions with the United States Attorney's Office for the District of New Jersey (the "Office") in connection with a *qui tam* action in the United States District Court for the District of New Jersey captioned *United States ex rel. Yang Sup Cha v. Anyclo International, Inc., et al.*, Civil Action No. 18-11863 (the "Civil Action") and the Office's investigation into issues relating to Anyclo's customs duties payments;

**WHEREAS,** the Board of Directors (the "Board") of Anyclo, through its outside legal counsel, has been informed of the terms and conditions of a proposed resolution of the above matters;

**WHEREAS**, the Board has reviewed the terms and conditions of the proposed plea and civil settlement agreement;

**WHEREAS**, the Board has discussed the proposed plea and civil settlement agreement with outside legal counsel, and has determined that it is in the best interest of Anyclo to enter into the plea and civil settlement agreement.

**NOW THEREFORE IT IS:**

**RESOLVED**, that Anyclo be, and hereby is, authorized and empowered to enter into the proposed plea and settlement agreement with the Office, substantially in such form as reviewed by this Board;

**RESOLVED**, that Anyclo's execution, delivery, and performance of the plea and civil settlement agreement, including pleading guilty to the Information subject to the conditions set forth in the plea agreement, be and hereby are approved in all respects;

**RESOLVED**, that Dong Geun Song, CEO of Anyclo ("Mr. Song"), is hereby authorized, in the name of and on behalf of Anyclo, (i) to execute and deliver the plea and civil settlement agreement with the Office, substantially in such form as reviewed by this Board, and all agreements or documentation required in connection with the plea and civil settlement agreement; (ii) to take all actions necessary or appropriate for the execution, delivery, and performance of the plea and civil settlement agreement; and (iii) to act and

speak on behalf of Anyclo in any proceeding necessary or appropriate in connection with the plea and settlement agreement;

**RESOLVED**, that Michael Sherwin and Daniel S. Lee, outside legal counsel for Anyclo, are authorized, empowered and directed, on behalf of Anyclo, (i) to execute and deliver the plea and civil settlement agreement with the Office, substantially in such form as reviewed by this Board, and all other documentation required to be executed by legal counsel in connection with the plea and civil settlement agreement; and (ii) to take all actions necessary or appropriate for the execution, delivery, and performance of the plea and civil settlement agreement; and

**RESOLVED**, that all actions heretofore taken by Anyclo, Mr. Song, and/or outside legal counsel for Anyclo in connection with any matter referred to in any of the foregoing resolutions are hereby approved, ratified, and confirmed in all respects as fully as if such actions had been presented to this Board for its approval prior to such actions being taken.

I hereby certify that the above is a true and accurate copy of the resolutions of the Board of Anyclo passed on February __7__, 2023.

DATED: _Feb 7th 2023_   BY: _____
Dong Geun Song
CEO and Representative Director
*Anyclo International, Inc.*