

# U.S. Department of Justice

United States Attorney
District of New Jersey

---

*PHILIP R. SELLINGER*
*UNITED STATES ATTORNEY*

*Jordan M. Anger*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*jordan.anger@usdoj.gov*

*main:   (973) 645-2700*
*direct: (973) 645-2829*
*Fax:    (973) 645-3210*

February 15, 2024

**VIA ECF**
The Honorable Esther Salas
United States District Judge
Martin Luther King Building & U.S. Court House
50 Walnut Street
Newark, New Jersey 07101

      Re: *United States v. Anyclo International, Inc.*
       Criminal Number: 23-00419 (ES)

Dear Judge Salas:

  I am an Assistant United States Attorney assigned to the Asset Recovery Money Laundering Unit and I am responsible for the enforcement and collection of the restitution that was ordered in the above-referenced case. The United States respectfully submits this Letter Motion and proposed Turnover Order allowing for the $176,712.35 currently held by Clerk of Court to be turned over from the Clerk of Court's registry and then applied against the restitution due in this matter.

  By way of background, on June 12, 2023, Defendant Anyclo International, Inc. ("Defendant") was sentenced by this Court and ordered to pay, among other things, a fine in the amount of $250,00.00 and restitution in the amount of $1,850,000.00, interest at 2% per annum applied to both, to the victim. *See* ECF# 11 at 3. The restitution was "due immediately." *Id.* As of February 15, 2024, a restitution balance of approximately $2,146,325.84 remains due.

  Defendant is currently a plaintiff in a civil lawsuit pending in the District of New Jersey. *See Anyclo International Inc. v. Yang-Sup Cha*, 3:18-cv-05759 (hereinafter "Civil Matter") The Clerk of the Court for the United States District Court, District of New Jersey, ("Clerk of the Court") is currently holding $176,712.35 in its custody pursuant to an Order by Judge Peter G. Sheridan, U.S.D.J., in the that Civil Matter. *See Anyclo International Inc. v. Yang-Sup Cha*, 3:18-cv-05759 (ECF #18)(Dec. 4, 2018) (hereinafter "Registry Order"). Judge Sheridan ordered civil

defendant Yang-Sup Cha to deposit $176,712.35 into the Clerk of Court's registry pending the determination of the Civil Action. *Id.* Those funds remain in the Clerk of the Court's registry.

Earlier today, Judge Sheridan issued an opinion and order in the Civil Matter which, *inter alia*, ordered the Clerk of the Court to release the $176,712.35 to Defendant. *See Anyclo International Inc. v. Yang-Sup Cha*, 3:18-cv-05759 (ECF #110) (Feb. 15, 2024). The United States hereby requests that the Court order that the Clerk of the Court turnover the $176,712.35 (plus whatever interest has accrued) currently held in its registry and apply those funds to Defendant's outstanding restitution debt in this criminal action.

The United States submits the enclosed proposed Turnover Order directing that:

> (i) the Clerk of the Court turnover the $176,712.35, plus any accrued interest, held in its registry pursuant to Judge Sheridan's Registry Order in *Anyclo International Inc. v. Yang-Sup Cha*, 3:18-cv-05759, and apply those funds to the Defendant's outstanding restitution debt in this criminal matter and for distribution to victim owed restitution and
>
> (ii) that the Defendant's restitution balance be credited with the foregoing payment.

Pursuant to 18 U.S.C. § 3613:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

18 U.S.C. § 3613(a).

Enforcement of restitution may begin immediately after an entry of judgment arises on a defendant's property. *See id.* § 3613(c). Pursuant to Section 3613(c), an order of restitution creates "a lien in favor of the United States on <u>all</u> property and rights to property of the person fined as if the liability . . . were a liability for a tax assessed" by the IRS. *Id.* (emphasis added). The only property not subject to enforcement is that which is exempt under § 6334(a)(1)-(8), (10) and (12) of the

Internal Revenue Code of 1885. *See id.* § 3613(a)(1). In other words, not only may a judgment be recorded for the full amount of the order, *see id.* § 3664(m)(1), but the judgment may be immediately enforced against all property of the defendant with limited exceptions. *Id.* § 3613(a) and (f).

Since the enactment of the Victim and Witness Protection Act of 1982 ("VWPA"), federal courts have been vested with general authority to order victim restitution as part of the sentence for criminal convictions under Title 18. *See* VWPA, Pub. L. No. 97-291, § 5, 96 Stat. 1248, 1253-55 (1982) (enacting predecessors to 18 U.S.C. § 3663). In reporting this legislation to the full Senate, the Committee on the Judiciary noted:

> The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.

S. Rep. 97-532 at 30 (1982), reprinted in 1982 U.S.C.C.A.N. 2515, 2536. The VWPA was part of a movement towards a more victim-centered justice system and for the first time provided federal courts with authority to order payment of restitution independently of probation. *See id.*

Congress strengthened the role of restitution in the sentencing process in 1996 by enacting the Mandatory Victims Restitution Act ("MVRA"), Pub. L. No. 104-132, §§ 201-211, 110 Stat. 1214 (1996). The MVRA made victim restitution mandatory for most federal crimes, consolidated procedures for issuing restitution orders, and provided for enhanced post-conviction enforcement of such orders by the United States. The restitution provisions of the MVRA and the VWPA are now codified principally at 18 U.S.C. §§ 3663, 3663A, and 3664. The legislative history of the MVRA in the United States Senate indicates that it was intended:

> [F]irst, to require that full restitution be ordered to the victims of all covered offenses in which there is an identifiable victim, second, to establish one set of procedures for the issuance of restitution orders in Federal criminal cases, and third, to consolidate the procedures for the collection of unpaid restitution with existing procedures for the collection of unpaid fines, while at the same time strengthening those procedures.

S. Rep. 104-179, at 13-14 (1995), reprinted in 1996 U.S.C.C.A.N. 924, 926-27; *see also United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). The legislative history of the MVRA in the United States House of Representatives also states:

> [T]he [MVRA] is an important step forward in ensuring justice for the victims of crime and accountability for convicted criminals. By requiring full financial restitution, the Act requires the offender to face the harm suffered by his victims and, to others harmed by his unlawful actions. Further, it strives to provide those who suffer the consequences of crime with some means of recouping the personal and financial losses resulting from crime.

H.R. Rep. 104-16, at 4-5 (1995).

The MVRA requires courts to order the defendant to make restitution to all victims in the full amount of each victim's losses "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Pursuant to 18 U.S.C. § 3572, there is a preference for the ***immediate payment*** of restitution. *Id.* § 3572(d)(1) (emphasis added). Should the Court allow for other than immediate payment, it "shall be the shortest time in which full payment can reasonably be made." *Id.* § 3572(d)(2). Moreover, under the Justice for All Act, a victim is entitled to "full and timely restitution as provided in law." *Id.* § 3771 (a)(6) (emphasis added). In this case, however, the Court specifically ordered the restitution and special assessment to be "due immediately." (ECF# 60 at 1 and 6).

Under 18 U.S.C.§ 3612(c), Congress directed the Attorney General to aggressively enforce restitution orders with the intent that the Department of Justice would commit resources necessary to ensure that the rights of victims are enforced. *See id.* § 3612(c); *Phillips*, 303 F.3d at 551. The Attorney General was instructed to promulgate guidelines that would ensure such enforcement of restitution orders is pursued "to the fullest extent of the law." *See* Pub. L. No. 104-132, § 209(2), 110 Stat. 1214 (codified as a note under 18 U.S.C. § 3551).

The Attorney General's guidelines comply with this mandate, both directing that orders of restitution be enforced as a key element of the criminal judgment and requiring the Financial Litigation Units in the United States Attorney's Offices to take all steps possible to ensure that restitution is collected and that victims of crime are fully compensated for their losses. The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means and, under 18 U.S.C. § 3613(a), it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment

under Federal law or State law, including the Federal Debt Collection Procedures Act of 1990.

    Based on the foregoing, the United States respectfully requests that the Court enter the proposed Turnover Order so that $176,712.35, plus any accrued interest, can be applied against the Defendant's restitution obligation previously imposed by the Court.

                                          Respectfully submitted,

                                          PHILIP R. SELLINGER
                                          United States Attorney

                               By:   *s/ Jordan M. Anger*
                                          JORDAN M. ANGER
                                          Assistant United States Attorney

Enclosure

CERTIFICATE OF MAILING

I hereby certify that on February 15, 2024, electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

DONGYOUN SAM HAN
Sobel Han
365 W. Passaic Street
Suite 270
Rochelle Park, New Jersey 07662

GREGORY JAMES CANNON
Cannon Law Firm, LLC
105 Reids Hill Road
Suite B
Aberdeen, New Jersey 07747

DANIEL LEE
Kobre & Kim LLP
800 Third Avenue
6th Floor
New York, New York 10022

By:   *s/ Jordan M. Anger*
      JORDAN M. ANGER
      Assistant United States Attorney